## BRANON *v.* HUNTER.

No. 9507.   OCTOBER 12, 1933.

*W. O. Wilson,* for plaintiff in error.

*George & John L. Westmoreland,* contra.

HILL, J.   Mrs. Pearl Hunter brought suit against Mrs. Henrietta Branon, to establish the boundary line between their properties, to enjoin the defendant from trespassing upon the property of the plaintiff, and to recover damages for trespass.   The defendant denied the trespass, averring that the property belonged to her, and asking for damages for trespass against the plaintiff.   There was no dispute over the front corner of the line dividing the properties of the parties, but the plaintiff claimed that the defendant was occupying a strip of land ten feet in the rear over the boundary line, extending to the front corner, making a triangular piece of land. Evidence was introduced with reference to the true boundary line, both pro and con.   The jury found in favor of the plaintiff, with $250 as damages, and cost of suit.   A motion for new trial was overruled, and the defendant excepted.

Special grounds one and two are but elaborations of the general grounds of the motion.   The third special ground consists of three pages of the charge of the court to the jury, on the subject of disputed boundary lines. The court gave in charge Civil Code (1910) § 3820, in connection with the contentions of the parties.   The charge is not assigned as erroneous, but the complaint is that the court did not instruct the jury, in connection therewith, the law applicable to the defense raised by the pleadings and the evidence, as to the effect of a deed drawn according to a plat made subse-

quently to the date of the plat under which the defendant bought, etc. The court gave to the jury instructions with reference to the various plats and deeds. The charge as given was sufficient to cover the issues in the case; and in the absence of a proper timely request therefor, it was not error to fail to give any additional charge on the subject. See *Rea* v. *Pursley,* 170 *Ga.* 788 (2) (154 S. E. 325). The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*